**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| HENRY JAMES WIMBERLY, JR., | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 6:05-CV-31 (HL) |
| | * | 28 U.S.C. § 2254 |
| CARLTON POWELL, Sheriff, | * | |
| | * | |
| Respondent. | * | |

## ORDER GRANTING REQUEST TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDATION OF DISMISSAL

Petitioner Wimberly filed in this court, on June 14, 2005, an application for federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 along with a Request to Proceed *In Forma Pauperis*. Accompanying his motion to proceed without paying the filing fee, Petitioner filed his trust account statement. His Prison Trust Account statement shows an average balance of zero dollars for the last six months. Thus, Petitioner's Request to Proceed *In Forma Pauperis* is **GRANTED**.

Petitioner's Application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts. After preliminary examination, it appears that the Application for Federal Writ of Habeas Corpus under 28 U.S.C. § 2254 is improper and subject to summary dismissal.

28 U.S.C. § 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971).

In his complaint, the Petitioner alleges that he is being held unlawfully and illegally in the Thomas County Jail in Thomasville, Georgia. He alleges that he exhausted all of his available state remedies as is required under 28 U.S.C. § 2254. However, it has been learned that the Thomas County Superior Court has no record of any state habeas petition having been filed by this Petitioner with the Clerk's office pursuant to O.C.G.A. § 9-14-1. Therefore, the Plaintiff has, in fact, not exhausted all of his state remedies.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be

**Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 8th day of July, 2005.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE

sWe