# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

**HENRY JAMES WIMBERLY, JR.,** :
:
   Petitioner, :
:
v. :
: Civil Action No. 6:05-cv-31 (HL)
**CARLTON POWELL, Sheriff,** : 28 U.S.C. § 2254
:
   Respondent. :
_____

# **ORDER**

    This matter is before the Court on the Recommendation of Dismissal of United States Magistrate Judge G. Mallon Faircloth [doc 5], entered on July 8, 2005, in the above-captioned matter. Petitioner, Henry James Wimberly, Jr., initiated this case on June 15, 2005, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. No answer or responsive pleading has been filed by Respondent, Carlton Powell. The Magistrate Judge, after conducting the initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, recommended that the petition be dismissed for failure to exhaust administrative remedies. No written objections to the Recommendation were filed with the Court.

    In a case arising in this Court, the United States Court of Appeals for the Eleventh Circuit, in an unpublished opinion, held that it was an abuse of discretion for the Court to dismiss *sua sponte* a § 2254 petition for non-exhaustion of state remedies. Spottsville v. Georgia, No. 00-13046, at 3 (11th Cir. Oct. 16, 2001) (unpublished opinion). The court noted that the State can waive the exhaustion requirements set forth in § 2254 and reasoned that a

district court should first require the State to respond to the petition before dismissing based on failure to exhaust.  Id.

Prior to the enactment of the Anti-terrorism and Effective Death Penalty Act, the Eleventh Circuit had established a general rule that district courts were "not to dismiss habeas petitions containing claims that have not met the 28 U.S.C. § 2254(b) exhaustion requirement," reasoning that "exhaustion is not jurisdictional and may be waived by the state."  Prather v. Norman, 901 F.2d 915, 918 (11th Cir. 1990) (citing Davis v. Dugger, 829 F.2d 1513, 1521 (11th Cir. 1987)).  In Spottsville, the Eleventh Circuit expressed its preference for continuing "the pre-AEDPA practice of not dismissing habeas petitions for non-exhaustion before the State has responded."  Spotsville, No. 00-13046, at 3 (relying on Prather, 901 F.2d at 918)).

While acknowledging that Wimberly has failed to present objections to the Recommendation, in view of the foregoing, the Court is nevertheless of the opinion that it would be error to dismiss *sua sponte* the § 2254 petition for failure to exhaust administrative remedies.  In accordance with this conclusion, the Court hereby rejects the Recommendation and recommits the matter to the Magistrate Judge for such further proceedings as may be appropriate.

**SO ORDERED**, this the 17th day of August, 2005.

s/ Hugh Lawson
**HUGH LAWSON, JUDGE**

mls