## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

| | | |
|---|---|---|
| **HENRY JAMES WIMBERLY, JR.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **6:05-cv-31 (HL)** |
| **CARLTON POWERS, Sheriff,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |
| | : | |

## ORDER

Petitioner's Habeas Corpus Petition (Doc. 1), Petitioner's Motion for Order Granting Summary Judgment, Award Claim Damages, Award Plaintiff Attorneys Fees as a Response of Recommendation of Recommits Matters Handed Down by the Hon. Judge of Honorable Judges and a Motion to Suppress Evidence (Doc. 8), Petitioner's Motion for Answers, Motion for Order and Motion for all Future Legal Mail from District Court (Doc.9), Petitioner's Motion to Submit More Untimely Evidence (Doc. 10), Petitioner's Motion for Discovery (Doc. 11), Petitioner's Motion to Preserve, Reserve the Right to File Motion for a Directed Verdict, and Motion for Judgment (Doc. 12), Petitioner's Motion for Funds to Hire a Special Investigator to Aid in the Preparation of his Defense on the Above Styled Cases (Doc. 13),  Petitioner's Motion to File Notice of Appeal Prior to Seeking Certificate of Probable Cause and Certificate of Appealability, Request to Stay, Request for Complementary Certificate and to Proceed IFP (Doc. 21), and Petitioner's

Motion for Entry of Judgment (Doc. 26) are before the Court. For the reasons expressed herein, Petitioner's Habeas Corpus Petition and outstanding motions are moot.

Petitioner Wimberly filed a Habeas Corpus petition on June 14, 2005 alleging that he was being illegally held pending trial on a felony forgery count in Thomas County, Georgia. Petitioner alleged that he had never been to court, there was no indictment under which he was being held, and there had been no probable cause hearing on the forgery charge. Petitioner named the Sheriff of Thomas County as the Defendant because at the time he was being held in the Thomas County Jail.

As noted by Petitioner Wimberly in a recent filing notifying the Court that his address had changed, Petitioner is currently incarcerated at the Georgia Diagnostic and Classification Center in Jackson, Georgia. Prompted by Petitioner's change of address, the Court undertook to review the Georgia Department of Corrections's Official Inmate Database and confirmed that Petitioner is now confined at the Georgia Diagnostic and Classification Center serving a three year sentence on a bad check charge from Clark County, Georgia.[1] Therefore, Petitioner Wimberly is no longer being detained pending trial on the Thomas County forgery charge as alleged, but has been convicted and is serving a sentence on a charge unrelated to this habeas corpus action. As such, the Court cannot grant Petitioner the relief he seeks and Petitioner's Habeas Corpus Petition is

---

[1]A court may take judicial notice of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. Pro. 201(b).

therefore moot. <u>See</u> <u>Powers v. Schwartz</u>, 587 F.2d 783, 783-84 (5th Cir. 1979)[2] (holding habeas corpus petition seeking relief from pretrial detention is moot when petitioner is no longer being detained pending trial). Further, as Petitioner's Habeas Corpus Petition is moot, all other outstanding motions in this case are moot as well.

**SO ORDERED**, this the 6th day of June, 2006.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

3